UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN BENSON,

    Plaintiff,

v.

WAYNE METROPOLITAN
COMMUNITY ACTION AGENCY,

    Defendant.

_____/

Case No. 18-12958

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [15]**

Plaintiff Damien Benson filed suit in this Court against his former employer, Defendant Wayne Metropolitan Community Action Agency, alleging violations of the Family and Medical Leave Act ("FMLA") (Count I), Employee Retirement Income Security Act ("ERISA") (Count II), Americans with Disabilities Act ("ADA") (Count III), and Title VII of the Civil Rights Act of 1964 ("Title VII") (Count IV).[1] The matter is now before the Court on Defendant's motion for summary judgment on these claims. (Dkt. 15.) Plaintiff filed an untimely response to Defendant's motion, arguing that his claims pursuant to the FMLA and ADA should survive summary judgment. (Dkt. 20.) The Court held a hearing on the motion on October 23, 2019. For the reasons discussed more fully below, the Court GRANTS Defendant's motion for summary judgment in its entirety.

---

[1] Plaintiff also brought a number of state law claims, but the Court declined to exercise supplemental jurisdiction over those claims and dismissed them. (*See* dkt. 3.)

1

I.   **Background**

Plaintiff began working for Defendant, a non-profit organization, on October 13, 2014 as a digital literacy specialist. In October of 2016, Plaintiff submitted a request for intermittent FMLA leave due to his chronic obstructive pulmonary disorder ("COPD"), which required the use of breathing treatments. (Dkt. 15-2, PgID 109-114.) Plaintiff's request was approved. (*Id.* at PgID 105.) In February of 2017, Plaintiff was reduced from full-time to part-time work status. And in September of 2017, he was terminated.

Defendant has submitted the affidavit of Yvonne Herman, who is the Chief Human Resources Officer of Defendant. (*Id.* at PgID 187-90.) Her affidavit states that Plaintiff's position was reduced from full-time to part-time because the digital literacy services offered by Defendant were being underutilized. (*Id.* at PgID 188.) She further avers that every summer, Defendant's budget is reviewed based on client needs and fund availability. (*Id.* at PgID 189.) In the summer of 2017, the services provided by the digital literacy specialist were still underutilized and thus the budget for the fiscal year starting on October 1, 2017 and ending September 30, 2018, allotted only $15,500 for digital literacy. (*Id.*) Because Plaintiff's salary exceeded the budget allocation, a decision was made to eliminate the digital literacy specialist position and offer Defendant's clients digital literacy services using outside vendors. (*Id.*)

Following his termination, Plaintiff filed a charge of discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission, alleging he was discriminated against based on his age and disability and retaliated against for requiring FMLA leave. (*Id.* at PgID 192.) After receiving his right to sue letter, this suit commenced on September 20, 2018.

2

In his deposition, Plaintiff did not testify as to any particular comment made by any of Defendant's employees regarding his FMLA leave, disability, sex, or age. (*See id.* at PgID 148-52.) When asked if he had a conversation with anyone at Defendant in which he was told that he should not apply for FMLA leave, he stated "[n]o, I can't say they did." (*Id.* at PgID 148.) And when asked whether his employee benefit plans were interfered with by Defendant, he stated "[n]ot that I can recall." (*Id.* at PgID 151.) Also, when asked which supervisor or employee acted adversely towards him because of his disability, he testified "I can't say they did it officially. It's just the way I felt." (*Id.* at PgID 152.) Plaintiff has also provided an affidavit in which he states, in relevant part, "I believe my supervisors implied[] they were frustrated with my request for intermittent leave related to my COPD" and "[s]hortly after my position was terminated, I believe someone else was hired to staff the Butzel Family Center location I taught at." (Dkt. 20-6, PgID 464.)

## II. Legal Standard

Summary judgment under Federal Rule of Civil Procedure 56(a) is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When reviewing the record, "'the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'" *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (quoting *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). Furthermore, the "'substantive law will identify which facts are material,' and 'summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party.'" *Id.* at 327 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

The moving party bears the initial burden "of establishing the 'absence of evidence to support the nonmoving party's case.'" *Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden, the nonmoving party 'must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor.'" *Id.* at 839 (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992)).

### III. Analysis

#### A. Plaintiff's FMLA Claim

Plaintiff asserts that Defendant interfered with his FMLA rights. Defendant argues that Plaintiff is unable to demonstrate a causal connection between the exercise of his FMLA rights and any adverse action taken by Defendant.

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [by the Act]," 29 U.S.C. § 2615(a)(1), or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]," § 2615(a)(2). The former statutory provision gives rise to what is known as the "interference" or "entitlement" theory of recovery under the FMLA, and the latter gives rise to the "retaliation" or "discrimination" theory. *See Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282 (6th Cir. 2012). Because the record shows that Defendant approved Plaintiff's request for

4

intermittent FMLA leave and allowed him to return to work after taking that leave, this case is properly analyzed under a retaliation, not interference, theory.  *See id.* at 282-83.  And to the extent Plaintiff argues Defendant interfered with his FMLA rights by requiring him to take paid time off rather than unpaid FMLA time, this is not a proper basis for an interference case.  *See Taylor v. J.C. Penny Co.*, No. 16-11797, 2017 U.S. Dist. LEXIS 70996, at *17 (E.D. Mich. May 10, 2017) (noting "an employer may require an employee to use accrued paid leave for some or all of the twelve-week FMLA-leave period") (citations omitted).

To establish a prima facie case of FMLA retaliation, Plaintiff must show that 1) he was engaged in an activity protected by the FMLA; 2) Defendant knew he was exercising his rights under the FMLA; 3) he suffered an adverse employment action; and 4) there was a causal connection between the protected FMLA activity and the adverse employment action.  *See Seeger*, 681 F.3d at 283.

Defendant argues that Plaintiff cannot establish the causation element of his prima facie case.  The Court agrees.  While a prima facie case of retaliation may be based on temporal proximity, the timing in this case—four months between Plaintiff's request for FMLA leave and his reduction to part-time status and close to one year between that request and his termination—does not suffice to establish causation on its own.  Nor is there any additional evidence in the record that may be combined with the tenuous temporal proximity to create a genuine issue of material fact regarding causation.[2]  *Cf. Bryson v. Regis Corp.*, 498 F.3d 561, 571 (6th Cir. 2007) (three months

---

[2] While Plaintiff states in his affidavit that he believes his supervisors "implied" they were "frustrated" with his request for intermittent FMLA leave stemming from his COPD, (*see* dkt. 20-6, PgID 464), "conclusory statements, subjective beliefs, or intuition

between the plaintiff's request for FMLA leave and her termination on "the very day that she was scheduled to return to work" along with testimonial evidence that the plaintiff's supervisor was angry about the FMLA leave and stated she would see to it that plaintiff did not have a job to return to sufficient to establish causation); *Thomas v. Doan Constr. Co.*, No. 13-11853, 2014 U.S. Dist. LEXIS 50093, at *29 (E.D. Mich. Apr. 11, 2014) (four months between the plaintiff's leave and her termination in addition to the testimonial evidence in the record sufficient to establish causation). Thus, Plaintiff cannot establish a prima facie case of FMLA retaliation.

And even if Plaintiff could establish his prima facie case, under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973),[3] the burden of proof then shifts to Defendant to articulate a legitimate, non-

---

cannot defeat summary judgment," *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 519 (6th Cir. 2009) (citing *Hartsel v. Keys*, 87 F.3d 795, 801-02 (6th Cir. 1996)).

[3] There is some uncertainty regarding when the burden-shifting framework applies in FMLA retaliation cases. *Compare Tillman v. Ohio Bell Tel. Co.*, 545 F. App'x 340, 349 (6th Cir. 2013) (noting that the burden-shifting framework applies in FMLA retaliation claims when there is sufficient indirect evidence to support a prima facie case) *with Hunter v. Valley View Local Sch.*, 579 F.3d 688, 692 n.2 (6th Cir. 2009) (noting that whether the burden-shifting framework applies "depends not on the type of evidence presented (direct versus circumstantial), but on the type of claim brought (single-motive versus mixed-motive)"). Because the Court concludes that Defendant is entitled to summary judgment regardless of whether the *McDonnell Douglas* burden-shifting framework applies, the Court need not resolve this issue.

Plaintiff cites to *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696 (6th Cir. 2008), in support of his assertion that the burden-shifting framework does not apply in this case due to direct evidence of retaliation, but that case is unavailing. There, the Sixth Circuit found there was direct evidence of a retaliatory animus due to an "unambiguous" threat made by the plaintiff's supervisor that if he took FMLA leave for four to six weeks, "there would not be a job waiting for [him], when [he] returned." *Id.* at 708. The court distinguished that comment from "general, vague, or ambiguous comments . . . [which] require a factfinder to draw further inferences to support a finding of discriminatory animus." *Id.* Here, Plaintiff does not point to any comment, let alone an unambiguous one, that would constitute direct evidence of retaliation.

discriminatory reason for its actions.  *See Tillman*, 545 F. App'x at 348-49 (citations omitted).  Once Defendant articulates such a reason, the burden of proof returns to Plaintiff to rebut Defendant's proffered reason by showing it was a pretext for retaliation.  *Id.* at 349.  Plaintiff may show pretext by demonstrating that the proffered reason 1) had no basis in fact, 2) did not actually motivate the adverse action, or 3) was insufficient to warrant the action.  *Id.*

Here, Defendant has provided an affidavit indicating that Plaintiff's position was first reduced to part-time status and later eliminated because the services provided were underutilized and Defendant, a non-profit organization, had budgetary constraints.  And while Plaintiff states in his affidavit that he never had a conversation with his supervisors regarding budgetary issues related to his position, he has not presented any evidence that shows both that the proffered reasons are false, and that retaliation was the real reason.  *See White v. Telcom Credit Union*, 874 F. Supp. 2d 690, 707 (E.D. Mich. 2012).  In sum, Defendant is entitled to summary judgment on Plaintiff's FMLA claim.

**B.    Plaintiff's ERISA Claim**

Plaintiff alleges that Defendant interfered with his ERISA rights.  Plaintiff does not, however, address this claim in his response to his motion for summary judgment and, thus, it is deemed abandoned.  *See Briggs v. Univ. of Detroit-Mercy*, 611 F. App'x

---

And even if Plaintiff is attempting to bring a mixed-motive claim and thus the *McDonnell Douglas* burden-shifting framework does not apply on that basis, Plaintiff has not established that the exercise of his FMLA rights "played a motivating part" in the actions taken by Defendant.  *See Wallner v. Hilliard*, 590 F. App'x 546, 552-53 (6th Cir. 2014) (internal quotation marks and citations omitted).  Thus, Plaintiff's claim fails under either a single-motive or mixed-motive theory.

865, 870 (6th Cir. 2015). Moreover, as Defendant notes, Plaintiff did not exhaust his administrative remedies prior to filing suit and has acknowledged in his deposition that Defendant did not interfere with his ERISA rights. Thus, Defendant is entitled to summary judgment on Plaintiff's ERISA claim.

### C. Plaintiff's ADA Claim

Plaintiff alleges that Defendant discriminated against him due to his COPD in violation of the ADA. Defendant argues that Plaintiff cannot prove his disability discrimination claim.

To recover on a claim for disability discrimination under the "direct method," Plaintiff must show that he 1) is disabled, 2) is otherwise qualified to perform the essential functions of the position, with or without accommodation, and 3) suffered an adverse employment action because of his disability. *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016). To recover on such a claim under the "indirect method," Plaintiff must first establish his prima facie case of discrimination by showing that 1) he is disabled, 2) he is otherwise qualified for the position, with or without accommodation, 3) he suffered an adverse employment action, 4) the employer knew or had reason to know of his disability, and 5) the position remained open while the employer sought other applicants or Plaintiff was replaced. *Id.* at 891-92. If Plaintiff establishes his prima facie case, the analysis continues pursuant to the *McDonnell Douglas* burden-shifting framework discussed above. *See id.* at 891.

Defendant argues that Plaintiff cannot establish a causal connection between his disability and his reduction to part-time status or termination sufficient to establish his case under the direct method. For the same reasons discussed above in the context of

8

Plaintiff's FMLA retaliation claim, the Court agrees.[4] And with regard to the indirect method, Plaintiff has not proven the fifth element of his prima facie case—that he was replaced. While he states in his affidavit that he believes someone else was hired to staff the location where he taught, subjective beliefs are insufficient to create a genuine issue of material fact. *See Barrett*, 556 F.3d at 519. Defendant has submitted an affidavit indicating that Plaintiff's position was eliminated, and Defendant's clients were instead offered digital literacy services using outside vendors. There is no evidence in the record to the contrary. Thus, Plaintiff cannot establish his prima facie case of disability discrimination. And even if he could establish his prima facie case, Defendant has articulated legitimate, non-discriminatory reasons for its actions and Plaintiff has not demonstrated that those reasons are pretextual, as discussed above. In sum, Defendant is entitled to summary judgment on Plaintiff's ADA claim.

### D. Plaintiff's Title VII Claim

Plaintiff alleges that Defendant discriminated against him due to his "sex/gender/disability" in violation of Title VII. Plaintiff also avers that he is a member of a protected class by virtue of being a sixty-year-old individual who suffers from COPD. Plaintiff does not, however, address this claim in his response to his motion for summary judgment and, thus, it is deemed abandoned. *See Briggs*, 611 F. App'x at 870. Moreover, as Defendant notes, disability is covered by the ADA, not Title VII, and

---

[4] And to the extent Plaintiff points to a change in his job duties and expectations as adverse acts, these changes do not constitute "materially adverse change[s] in the terms and conditions of employment" sufficient to form the basis of his discrimination claim. *See Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 594 (6th Cir. 2007) (adverse acts "must be more disruptive than a mere inconvenience or an alteration of job responsibilities") (internal quotation marks and citation omitted).

Plaintiff's ADA claim is discussed above. And while sex or gender are covered by Title VII, Plaintiff's EEOC charge did not mention sex or gender discrimination, and thus his sex discrimination claim is barred due to his failure to exhaust his administrative remedies. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010). And finally, discrimination on the basis of age is covered by the Age Discrimination in Employment Act ("ADEA"), not Title VII, and Plaintiff has not brought a claim under that statute. And even if Plaintiff had properly pled a claim under the ADEA, Plaintiff has not proven that he was replaced by a younger person or treated differently than similarly-situated employees outside of his protected class. *See DiCarlo v. Potter*, 358 F.3d 408, 414-18 (6th Cir. 2004). Nor has he shown that Defendant's proffered legitimate, non-discriminatory reasons for its actions are pretextual. In sum, Defendant is entitled to summary judgment on Plaintiff's Title VII claim.

## IV. Conclusion

For the above-stated reasons, Defendant's motion for summary judgment is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: October 29, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 29, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager